UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>RALPH DENNIS,<br><br>          Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CRIMINAL ACTION NO. 12-734-1<br><br>**OPINION** |

**APPEARANCES**:

OFFICE OF THE UNITED STATES ATTORNEY
By:  Jacqueline Carle, Esq.
     Matthew T. Smith, Esq.
401 Market Street, 4th Floor
P.O. Box 2098
Camden, New Jersey 08101
     Counsel for United States

GIBBONS P.C.
By:  Lawrence S. Lustberg, Esq.
One Gateway Center
Newark, New Jersey 07102
     Counsel for Defendant

**IRENAS**, Senior District Judge:

     Pending before the Court is Defendant Ralph Dennis's

application to file an untimely post-trial motion for a new

trial pursuant to Federal Rule of Criminal Procedure 33.  For

the reasons set forth below, Dennis's application will be

denied.

1

**I.**

On July 17th, 2012, Defendant Ralph Dennis was arrested in connection with an investigation conducted by agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The ATF investigation concerned Dennis's participation in a conspiracy to rob somewhere between fifteen and twenty kilograms of cocaine from a "stash house" where a fictional Mexican drug cartel purportedly held cocaine earmarked for sale in the southern New Jersey region.[1]

On April 17th, 2013, Dennis was charged under a Superseding Indictment with three counts: (1) conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a); (2) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and (3) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). At the conclusion of his trial on May 23rd, 2013, the jury convicted Dennis on all three counts.

In mid-October 2013, the Court set Dennis's sentencing for November 15th, 2013. During the intervening period from conviction through sentencing, neither Dennis nor his trial

---

[1] The role of additional Defendants in the scheme and other factual circumstances leading to Dennis's arrest are omitted because such facts have no bearing on Dennis's pending application.

counsel, Assistant Federal Defender Tom Young, Esq., filed for post-trial relief.  Upon appearing at his sentencing hearing on November 15th, Dennis expressed that Young had not reviewed the pre-sentence investigation report with him, and the Court adjourned sentencing until January 7th, 2014.

On November 27th, 2013, Dennis wrote to the Court requesting the appointment of new counsel.  In his letter, Dennis asserted that his relationship with Young was "broken and severed beyond repair."  (Dennis Ltr., Nov. 27, 2013, at 1) Further, Dennis believed Young had waived "several important legal avenues" regarding future appeals.  (Id.)  Finally, Dennis contended that Young advised him that these "legal avenues" could not be litigated until after sentencing.  (Id.)

Following Dennis's request, the Government and Young indicated that they had no objection to the appointment of new counsel.  After holding a hearing on January 7th, 2014, and a subsequent search for available counsel, the Court appointed Dennis's present counsel, Lawrence Lustberg, Esq., on January 14th.  On May 1st, the Court held a telephone status conference setting Dennis's sentencing hearing for July 8th.

On June 26th, Just prior to the July 8th sentencing hearing, the Court received letters from counsel for Dennis and from the Government.  In his letter, Dennis's counsel sought leave to file a post-trial motion pursuant to Federal Rule of

3

Criminal Procedure 33 seeking a new trial despite Rule
33(b)(2)'s fourteen-day time limit for filing a motion for such
relief.  The Government immediately responded by letter on the
same date opposing Defendant's application to file this motion.

Later in the afternoon on June 26th, the Court held a
telephone conference with the Government and Dennis's counsel.
After reviewing the Defendant's request and the Government's
opposition, the Court directed the Government and Defendant to
more fully address the narrow issue of whether the Court could
consider a Rule 33 motion filed more than a year after the jury
rendered a verdict in Dennis's case.  After briefing, the
Defendant submitted a supplemental certification from Tom Young
declaring that Dennis asked Young to file a motion for a
judgment of acquittal during the fourteen-day period after
Dennis's conviction on May 23rd, 2013, but Young failed to file
for such relief.  (Young Cert. ¶¶ 1, 3)  In addition, Young
asserted that though he was unsure of the precise date after
trial, Dennis also asked Young to file a motion for a new trial
under Rule 33, but Young also did not do so.  (Id. ¶¶ 2-3)  The
application to bring an untimely Rule 33 motion followed.

## II.

Federal Rule of Criminal Procedure 33(a) permits a court to
"vacate any judgment and grant a new trial if the interest of

4

justice so requires." A defendant seeking such relief on the basis of newly discovered evidence may timely bring such a motion within three years after a guilty verdict. FED.R.CRIM.P. 33(b)(1). However, a defendant seeking this relief "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED.R.CRIM.P. 33(b)(2). Dennis brings his motion under Rule 33(b)(2), and the motion is therefore prima facie untimely on June 26th, 2014, following the jury verdict on May 23rd, 2013.

Despite this fourteen-day limit, Rule 45(b)(1)(B) permits a court to extend the specified period "if the party failed to act because of excusable neglect." *See also United States v. Kennedy*, 354 F. App'x 632, 636 (3d Cir. Dec. 7, 2009); FED.R.CRIM.P. 33 Advisory Committee's Notes (2005) ("[U]nder Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion for new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect.").

Determining whether a delay is attributable to excusable neglect is "an equitable determination" that, as the Government and Dennis agree, is determined by analysis of the delay under the factors identified by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380

5

(1993).  *See Kennedy*, 354 F. App'x at 636 (citing *In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171 (3d Cir. 2000)).[2]  Though "all relevant circumstances are properly considered," four factors generally bear on analysis of excusable neglect under *Pioneer*: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the "reasonable control of the movant," and (4) whether the movant acted in good faith.  *In re Cendant*, 234 F.3d at 171 (citing *Pioneer*, 507 U.S. at 395) (internal quotation mark omitted)); *see also Kennedy*, 354 F. App'x at 636.

## A.    Danger of Prejudice

The Government contends that it faces significant prejudice if the Court were to grant Defendant's application for leave to file post-trial motions because, in the event that Dennis were granted a new trial, more than two years will have elapsed since Dennis's unlawful conduct and arrest on July 17th, 2012.  In the time until a new trial begins, eyewitness memories may fade and

---

[2] "The *Cendant Corp* and *Pioneer* Court[s] dealt with excusable neglect in terms of Federal Rule of Civil Procedure 60(b), but the factors for a court to consider are relevant to [cases concerning Federal Rule of Criminal Procedure 45(b)(1)(B)]."  *Kennedy*, 354 F. App'x at 636 n.2.  Furthermore, the application of the *Pioneer* factors to Rule 45(b)(1)(B) determinations is consistent with the conclusions of other Circuit Courts of Appeal faced with defining excusable neglect in this context.  *See, e.g., United States v. Cates*, 716 F.3d 445 (7th Cir. 2013); *United States v. Munoz*, 605 F.3d 359 (6th Cir. 2010).

the motivations of cooperating witnesses may also diminish, prejudicing the Government's ability to re-try Dennis.[3]  These are valid, non-trivial concerns, bolstered by the Government's correct assertion that speedy trial rights guaranteed by the Sixth Amendment and Speedy Trial Act extend through the sentencing process, and such rights protect both defendants as well as the "public interest in bringing prompt criminal proceedings." *See United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993) (citing *United States v. Noone*, 913 F.2d 20, 28 (1st Cir. 1990)); *see also Burkett v. Cunningham*, 826 F.2d 1208, 1220 (3d Cir. 1987) (applying speedy trial rights through sentencing).

On the other hand, the Defendant asserts that many of the factual proofs at trial relied upon the testimony of federal law enforcement agents rather than on bystander eyewitnesses, thereby reducing any prejudice to the Government.  Even accepting this to be the case, the memories of law enforcement agents (even when supplemented by notes and records prepared during the course of investigation) may also fade and still impose prejudice on the Government's ability to re-try Dennis. As such, this factor weighs slightly in favor of the Government.

---

[3] In *United States v. Munoz*, 605 F.3d 359, 371-72 (6th Cir. 2010), the Sixth Circuit determined that such concerns, in the face of a six-month delay, were insufficient to establish significant prejudice.  Here, however, the delay is more than twice as long.

**B.    Length of Delay & Potential Impact on Judicial Proceedings**

Dennis's newly appointed counsel sought leave to file an untimely Rule 33 motion on June 26, 2014, more than thirteen months following the jury's verdict rendered on May 23, 2013.  A delay of this length generally weighs in favor of the Government, and the Court finds that it does so here.  *See*, *e.g.*, *Cates*, 716 F.3d at 449 (affirming district court's characterization of six-month delay as "minimal" but still weighing in Government's favor); *United States v. Long*, No. CR 09-50051-01-KES, 2012 WL 1190254, at *3 (D.S.D. April 9, 2012) (weighing six-month delay in Government's favor); *United States v. Flood*, No. 07-CR-485 (DB), 2010 WL 1418880, at *6 (D. Utah April 7, 2010) ("The government, the judicial system, and the public have an interest in the finality of criminal verdicts and in the timely sentencing of those convicted.  For this reason, motions for new trial are intentionally short.  An eleven-month delay in sentencing has, not just a potential, but an actual negative impact on these proceedings.").[4]

_____

[4] Though the concerns of finality and timely sentencing may yield in appropriate circumstances, the length of the delay here weighs in the Government's favor.  The Court notes, however, that longer delays may weigh in favor of a finding of excusable neglect.  *E.g. Kennedy*, 354 F. App'x at 636 (nearly sixteen-month delay, under the circumstances, fell within boundaries of excusable neglect); *United States v. Bellinger*, 461 F.Supp.2d 339, 345 (E.D.Pa. 2006) (seven-month delay, under the circumstances, was within the scope of excusable neglect).

**C.   Reason for Delay**

Though they address all of the relevant *Pioneer* factors,
the parties focus their briefing on the reason for Dennis's
delay in filing post-trial motions.  Dennis contends that his
trial counsel's failure to file post-trial motions, despite
Dennis's explicit and timely instructions to do so, constitute
ineffective assistance of counsel and are the reason for his
delay.  In Dennis's view, this reason weighs strongly in favor
of finding excusable neglect.  In opposition, the Government
contends that Dennis's trial counsel was not ineffective under
the facts of previous Third Circuit cases considering such
claims, nor under the ineffective assistance of counsel analysis
set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
Further, even if Dennis's trial counsel were ineffective, the
Government argues that the period of excusable neglect should
not extend for the six months that Dennis has been represented
by new counsel, spanning from January 14th to June 26th when
Dennis finally made his application for an extension of time.

In reviewing ineffective assistance of counsel as a reason
for delay in the excusable neglect context, courts within the
Third Circuit have not engaged in the full *Strickland* analysis.
*See, e.g.*, *Kennedy*, 354 F. App'x at 636-37; *United States v.
Walton*, No. 04-508-03, 2007 WL 2108118, at *8 (E.D.Pa. July 20,
2007); *United States v. Bellinger*, 461 F.Supp.2d 339, 345

(E.D.Pa. 2006).  In *Kennedy*, the Third Circuit held that the district court did not abuse its discretion when it determined that a sixteen-month delay was appropriately attributed to excusable neglect "after finding there was little or no communication between Kennedy and his trial attorney after the trial and Kennedy's trial attorney had 'abandoned him after the trial.'"  *Kennedy*, 354 F. App'x at 636-37.  Similarly in *Walton*, the district court determined that "irreconcilable differences and the 'complete breakdown in communication' between defendant and trial counsel, following the jury verdict," was sufficient to constitute excusable neglect.  *Walton*, 2007 WL 2108118, at *8.  Though Dennis asserted that his relationship with Young was "broken and severed beyond repair," there is no indication that Young abandoned Dennis, or that they failed to communicate following the jury verdict in May through November when Dennis sought new counsel.  As such, the disagreement between Dennis and his trial counsel, standing alone, is distinguishable and inadequate to demonstrate excusable neglect.

However, an attorney's failure to comply with his client's direct instructions concerning post-trial motions may suffice to demonstrate excusable neglect.  In *Bellinger*, the defendant instructed his attorney to file post-trial motions pursuant to Rules 29 and 33 in a timely fashion, but the attorney failed to comply with his client's wishes despite the defendant's "clear

10

awareness of the timeliness requirement." *Bellinger*, 461
F.Supp.2d at 345 n.8.  Here, Young concedes that, within the
fourteen-day window following the jury's verdict, Dennis
instructed him to file a Motion for Judgment of Acquittal, but
Young failed to comply with this request.[5]  (Young Decl. ¶ 1)

Young's failure to timely file post-trial motions does not
fully explain the reason for the thirteen-month delay in
Dennis's case.  The relevant inquiry into the reason for delay
must consider the reason for the entire delay, not just the
delay attributable to a period of ineffective assistance of
counsel.  *Cates*, 716 F.3d at 448-49.  Even if the Court were to
accept that Young provided Dennis with ineffective assistance of
counsel until his removal,[6] nearly six months have passed since

---

[5] Defendant further contends that Young's failure to file post-trial motions
likely constitutes *per se* ineffective assistance of counsel.  *See Munoz*, 605
F.3d at 369-71.  However, as the *Munoz* court acknowledged, many of the cases
considering allegedly ineffective assistance of counsel resulting in
excusable neglect for timeliness purposes concerned trial counsel's failure
to timely file a notice of appeal.  *Id.* at 370.  As articulated in *United
States v. Solis*, 252 F.3d 289, 293-94 (3d Cir. 2001), an attorney's failure
to comply with defendant's request to file an appeal is prejudicial, but even
if this Court were to equate the failure to file post-trial motions with a
failure to file an appeal, the Court's determination of excusable neglect for
timeliness purposes is still governed by analysis of the *Pioneer* factors.

[6] The Court acknowledges that a determination of ineffective assistance of
counsel at this stage is disfavored, and accepts the determination only for
sake of argument at this juncture.  The Third Circuit has "expressed a
preference that ineffective assistance of counsel claims be brought as
collateral challenges under 28 U.S.C. § 2255, rather than as motions for new
trials or on direct appeal."  *Kennedy*, 354 F. App'x at 637 (quoting *United
States v. Chorin*, 322 F.3d 274, 282 n.4 (3d Cir. 2003)).  Such collateral
challenges permit the development of a fuller factual record concerning the
ineffective assistance of counsel under the *Strickland* standard.  *Kennedy*,
354 F. App'x at 637.

the appointment of Dennis's present counsel (January 14 through June 26). Dennis's current counsel asserts that he raised Dennis's request with the Court as soon as he determined that Dennis sought help with doing so, but this does not explain the lengthy delay from appointment to application to file the untimely motion. Indeed, both Dennis's letter and Young's certification indicate that Dennis was aware of the short timeline for raising post-trial motions; his failure to work with his new counsel to effect this filing for nearly six months does not indicate that the delay should be attributed to excusable neglect.[7] As a result, any ineffective assistance of counsel that might have occurred through January 7, 2014, does not fully explain the reason for the entire thirteen-month delay, and accordingly this factor weighs in favor of the Government.

**D. Good Faith**

The Government contends that Dennis has failed to exhibit good faith throughout this proceeding, but the relevant inquiry

---

[7] This circumstance is analogous to other district courts that have addressed delays in filing for post-trial relief after the appointment of new counsel. *See, e.g., United States v. Flood*, No. 07-CR-485 (DB), 2010 WL 1418880, at *6 (D. Utah Apr. 7, 2010) ("Even accounting for the fact that [defendant] was represented by conflicted counsel at the time [of trial], [defendant] still did not file her Motion to Vacate until 151 days after she retained new counsel. Once she obtained new counsel, it was well within her control to file a Rule 33 motion."), *aff'd*, 635 F.3d 1255 (10th Cir. 2011).

focuses only on whether the Defendant has acted in good faith in seeking to file his untimely post-trial motion.  Though the pending application has delayed Dennis's sentencing, Dennis raised his concerns regarding Young's failure to file post-trial motions in his November 27th, 2013, letter that sought new counsel in this matter.  (Dennis Ltr. at 1)  The Court concludes that the pending application is made in good faith, and this factor therefore weighs in the Defendant's favor.

### III.

In view of the *Pioneer* factors and all of the relevant circumstances, the Court finds that the Defendant's application to file an out-of-time post-trial Rule 33 motion must be denied. Though Defendant contends he suffered ineffective assistance of counsel following his trial, this rationale only explains half of the nearly thirteen-month delay in applying to file post-trial motions due within fourteen days of the jury's verdict.

In light of the foregoing, Defendant may not file his post-trial motion pursuant to Rule 33, and the Court will proceed to sentencing.  An appropriate Order accompanies this Opinion.

Date: 7/17/14

_____

**JOSEPH E. IRENAS, S.U.S.D.J.**

13